**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12779

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

SANTO ROSARIO-RIVERA,

*Defendant-Appellant.*

————————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20572-FAM-3

————————————————

————————————————

No. 23-12828

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                        Opinion of the Court                    23-12779

*versus*

FRANCISCO RIJO-RIJO,
  a.k.a. David Ernand,

                                                    *Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20572-FAM-1
_____

_____

No. 23-12842
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

                                                    *Plaintiff-Appellee,*

*versus*

PLACIDO RIVERA-RODRIGUEZ,

                                                    *Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20572-FAM-2
_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRASHER, Circuit Judges.

PER CURIAM:

In these consolidated appeals, three drug smugglers appeal their convictions following their guilty pleas to conspiring to possess and possessing with intent to distribute five or more kilograms of cocaine upon the high seas while aboard a vessel subject to the jurisdiction of the United States. 46 U.S.C. §§ 70503(a)(1), 70506(a), 70506(b); 21 U.S.C. § 960(b)(1)(B); 18 U.S.C. § 2. They argue that the Maritime Drug Law Enforcement Act is unconstitutional and that the district court lacked subject-matter jurisdiction under the Act. Our precedents foreclose their constitutional challenges, and the district court had jurisdiction under the Act. We affirm.

## I. BACKGROUND

In 2022, the Coast Guard stopped a vessel bearing no indicia of nationality about 130 nautical miles off the coast of Aruba in its exclusive economic zone. The smugglers, Santo Rosario-Rivera, Francisco Rijo-Rijo, and Placido Rivera-Rodriguez, were aboard the vessel. All three men made verbal claims of Haitian nationality. None of them identified themselves as the master of the vessel, and no claim of nationality was made for the vessel, which rendered it stateless and subject to the jurisdiction of the United States under the Maritime Drug Law Enforcement Act. 46 U.S.C. § 70502(d)(1)(B). Authorities searched the vessel and discovered 18 bales of cocaine. The smugglers were arrested, brought to the United States, and indicted for conspiring to possess, and for possessing with intent to distribute, five or more kilograms of cocaine upon the high seas while on board a vessel subject to the jurisdiction of the United States. 46 U.S.C. §§ 70503(a)(1), 70506(a), 70506(b); 21 U.S.C. § 960(b)(1)(B); 18 U.S.C. § 2.

The smugglers moved to dismiss the indictment. They argued that the Act was unconstitutional because they were arrested in Aruba's exclusive economic zone, which was not part of the "high seas" under customary international law. They maintain that because this zone was not part of the "high seas," their conduct fell outside of Congress's authority under the Felonies Clause, U.S. CONST. art. I, § 8, cl. 10, and the district court lacked subject-matter jurisdiction to prosecute them. They also argued that Congress lacked authority to regulate drug trafficking offenses that lacked any "nexus" to the United States, and that the Due Process Clause, *id.* amend. V, prohibited the district court from prosecuting them for such offenses.

A magistrate judge held an evidentiary hearing on the motion. Lieutenant Cameron Box testified that the Coast Guard stopped an unflagged vessel 130 miles off Aruba's coast and boarded the vessel after receiving authority to conduct a right of visit boarding. He testified that, when conducting a right of visit boarding, Coast Guard personnel ask everyone on board the vessel whether anyone claims to be its master or makes a claim of nationality for it. He did not testify whether Coast Guard personnel asked the smugglers if anyone claimed to be the master of the vessel or otherwise made a claim of nationality for the vessel.

The magistrate judge recommended that the motion be denied, the district court adopted that recommendation, and the smugglers pleaded guilty as charged. Each smuggler agreed that the vessel did not bear any indicia of nationality and that he had

not claimed to be the master of the vessel or made a claim of nationality for the vessel. The factual proffer did not state whether Coast Guard personnel had asked if anyone wanted to make a claim of nationality for the vessel. The district court accepted their guilty pleas and imposed concurrent sentences of 57 months of imprisonment, followed by five years of supervised release.

## II. STANDARDS OF REVIEW

Three standards govern our review. First, we review subject-matter jurisdiction, including the statutory requirements for subject-matter jurisdiction under the Maritime Drug Law Enforcement Act, *de novo*. *United States v. Cabezas-Montano*, 949 F.3d 567, 588 & n.13 (11th Cir. 2020). Second, we review factual findings with respect to that jurisdictional inquiry for clear error. *Id.* at 588 n.13. Third, we review the interpretation of a statute, including whether it is constitutional, *de novo*. *Id.* at 586 n.10.

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that our precedent forecloses the smugglers' constitutional challenges to the Maritime Drug Law Enforcement Act. Second, we explain that the record establishes a statutory basis for the district court's exercise of subject-matter jurisdiction under the Act.

### A. Our Precedent Forecloses the Smugglers' Constitutional Challenges

The smugglers argue that the Act is unconstitutional because Aruba's exclusive economic zone is not part of the "high seas," and enforcement of the Act in that zone exceeds Congress's

power under the Felonies Clause. They also argue that their prosecution violated the Due Process Clause of the Fifth Amendment and exceeded Congress's authority under the Felonies Clause because their offenses bore no nexus to the United States. These arguments fail.

As the smugglers concede, our precedents foreclose these arguments. First, we have held that the Act "is a valid exercise of Congress's power under the Felonies Clause as applied to drug trafficking crimes without a 'nexus' to the United States." *Cabezas-Montano*, 949 F.3d at 587 (citing *United States v. Campbell*, 743 F.3d 802, 809-10 (11th Cir. 2014)). Second, we have held that a nation's exclusive economic zone "is part of the 'high seas' for purposes of the Felonies Clause[.]" *United States v. Alfonso*, 104 F.4th 815 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2706 (2025). The smugglers have not established that the Act is unconstitutional.

### B. The District Court had Subject-Matter Jurisdiction under the Act

The Maritime Drug Law Enforcement Act makes it a crime to possess, or conspire to possess, a controlled subject with intent to distribute that substance while aboard a vessel subject to the jurisdiction of the United States. 46 U.S.C. §§ 70503(a)(1), 70503(e)(1), 70506(b). The Act extends jurisdiction to a "vessel without nationality," or "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel[.]" *Id.* § 70502(c)(1)(A),

70502(d)(1)(B). The government bears the burden of establishing jurisdiction under the Act. *Cabezas-Montano*, 949 F.3d at 588.

According to the smugglers, the government failed to satisfy its burden of establishing jurisdiction under the Act. They explain that, although the record establishes that they did not make a claim of nationality for the vessel, it does not establish that Coast Guard personnel asked them to do so. We disagree.

The district court did not clearly err in implicitly finding that the smugglers were asked to make a claim of nationality or registry for the vessel. *Cabezas-Montano*, 949 F.3d at 588 n.13. It credited Lieutenant Box's testimony about the Coast Guard's standard procedure for right of visit boardings, and it accepted the smugglers' stipulation that they made no claim of nationality. The record supports the district court's exercise of subject-matter jurisdiction under the Act. 46 U.S.C. § 70502(d)(1)(B).

## IV. CONCLUSION

We **AFFIRM** the smugglers' convictions.